## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

**READ FREELY ALABAMA;**

**ALABAMA LIBRARY ASSOCIATION;**

**SAMANTHA DIAMOND, on Behalf of Herself and as Next Friend of Her Minor Children J.D. and E.D.;**

**AMBER FREY; and**

**JOHN CRAIG and ALMUT HABOECK, as Next Friends of Their Minor Child C.C.**

      **Plaintiffs,**

**v.**                      **Civil Case No. _____**

**AUTAUGA-PRATTVILLE PUBLIC LIBRARY BOARD OF TRUSTEES,**

      **Defendant.**

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs Read Freely Alabama; Alabama Library Association; Samantha Diamond, on behalf of herself and as next friend of her minor children J.D. and E.D.; Amber Frey; and John Craig and Almut Haboeck, as next friends of their minor child C.C., by and through their undersigned counsel, and, as to the Alabama

1

Library Association and Read Freely Alabama, on behalf of their members, allege as follows:

## INTRODUCTION

1.      On February 8, 2024, the Autauga-Prattville Public Library Board of Trustees adopted several policies controlling the Autauga-Prattville Public Library (APPL)'s acquisition, removal, and availability of library books and other material based on their content.

2.      Under the new Selection Criteria Policy, the library is no longer permitted to acquire any material (other than biology, anatomy, or religious texts) advertised for children aged 17 or younger that contains content including sexual conduct, sexual intercourse, sexual orientation, gender identity, and gender discordance.

3.      Under the new Library Cards for Minors Policy, children aged 17 or younger are not permitted to check out materials containing content including sexual conduct, sexual intercourse, sexual orientation, gender identity, and gender discordance.

4.      The Selection Criteria Policy and Library Cards for Minors Policy each violate the First Amendment of the United States Constitution.  They are overbroad. They discriminate on the basis of content.  And they are vague.  Plaintiffs, who include library card holders injured by the policies, a local grassroots organization of library supporters and patrons, and a statewide organization of librarians and library supporters, therefore ask this Court to invalidate these violations of the First

Amendment, to declare the policies unconstitutional and void, and to enjoin the Board from implementing or enforcing these policies.

## JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  The Court also independently has subject matter jurisdiction pursuant to 28 U.S.C. § 1343(a)(3)–(4), because Plaintiffs seek to vindicate their federal constitutional rights under 42 U.S.C. § 1983.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b), as the sole defendant resides in this district, and a substantial part of the events giving rise to this claim have occurred and are occurring in this district.

7.      Plaintiffs seek remedies in this action pursuant to 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. §§ 1983 and 1988, and Federal Rule of Civil Procedure 65.

## PARTIES

8.      Plaintiff **Read Freely Alabama** is a grassroots, volunteer-run membership organization comprising concerned citizens who oppose censorship in Alabama libraries.  Read Freely Alabama's purpose and mission is to uphold the values of American democracy by fighting any censorship in Alabama's public libraries, and by advocating for inclusive library collections that accurately reflect the diversity of the communities served by those libraries. Read Freely Alabama's membership includes more than 100 residents of Prattville and Autauga County, including more than forty patrons and library card holders of the Autauga-Prattville Public Library.

9.      Plaintiff **Alabama Library Association (ALLA)** is a non-profit corporation formed to encourage and promote the welfare of libraries and professional interests of librarians in Alabama.  ALLA has more than 275 active members throughout Alabama, including APPL library card holders.  ALLA's mission is to provide leadership for the development, advocacy, and improvement of library and information services and to promote the profession of librarianship in order to enhance learning and ensure access to information for all.

10.     Plaintiff **Samantha Diamond** brings this lawsuit as next friend of her minor children, **J.D.** and **E.D.**, and also on her own behalf.  Ms. Diamond, J.D., and E.D. are all current APPL library card holders and frequently patronize APPL.

11.     Ms. Diamond is a member of Read Freely Alabama.

12.     Plaintiff **Amber Frey** is an APPL library card holder and frequent APPL patron.

13.     Ms. Frey is a member of Read Freely Alabama.

14.     Plaintiffs **John Craig** and **Almut Haboeck** bring this lawsuit as next friends of their minor child **C.C.**  C.C. is a current APPL library card holder and regularly patronizes APPL.  C.C. has also regularly volunteered at APPL, including through service on the Teen Advisory Board.

15.     Defendant **Autauga-Prattville Public Library Board of Trustees** (the **Board**) is APPL's governing entity.  The Board enacted the Selection Criteria Policy and Library Cards for Minors Policy that each form the basis of this lawsuit. The Board claims the right to exercise control over all library material, including but

4

not limited to books, movies, artwork, displays, and programming.[1]  The Board also claims to exercise control over the weeding of APPL materials.[2] At all times relevant to the facts alleged in this Complaint, the Board has operated under color of state law.

### FACTUAL ALLEGATIONS

16.    The Board enacts policies governing APPL's day-to-day operations. These policies include, but are not limited to, policies governing the acquisition and retention of library books and other materials, and those governing patrons' eligibility for library cards.

17.    The current "Library Policies" for the Autauga-Prattville Public Library are attached as Exhibit A to this Complaint.[3]  The Library Policies assert that they "were prepared by the library director and board of trustees of the Autauga-Prattville Public Library," that they "are the established operational policies of the Library," and that they "may be revised at any time by action of the Board."[4]

18.    The library policies that were in effect as of November 2023—that is, before February 8, 2024—are attached as Exhibit B to this Complaint.

---

[1] *See* Ex. A at 16–17.

[2] *See* Ex. A at 17.

[3]    The   policies   are   also   available   through   the   APPL   website   at https://piperlibraryfiles.com/ckfinder/connector?command=Proxy&lang=en&type=Pr attville&currentFolder=%2Fdocuments%2FPolicy%2F&hash=c8a4bdaba8bffd189f5f 860ae3d066fffe3dbaff&fileName=Policy%20Manual%20Official-%202.2024.pdf (accessed by clicking on the link at https://appl.info/Pages/Index/204366/library-policies).

[4] Ex. A at 2.

19.     In a meeting on February 8, 2024, the Board unanimously enacted a new Selection Criteria Policy, which is reflected in Exhibit A.[5]

20.     The Selection Criteria Policy states:  "For the avoidance of doubt, the library shall not purchase or otherwise acquire any material advertised for consumers ages 17 and under which contain content including, but not limited to, obscenity, sexual conduct, sexual intercourse, sexual orientation, gender identity, or gender discordance.  Age-appropriate materials concerning biology, human anatomy, or religion are exempt from this rule."[6]  The Selection Criteria Policy thus will prevent the acquisition of books and other materials falling within its sweep.

21.     The prior Selection Criteria Policy did not contain this language.[7]

22.     The Selection Criteria Policy governs not only the materials APPL acquires, but also those it retains.  First, the Selection Criteria Policy is incorporated into APPL's weeding policy.  Weeding is a common library practice of regularly reviewing and evaluating books and other library materials to determine if they should remain in the collection.  Common factors for weeding—reflected in APPL's policy[8]—include whether materials are factually accurate, the physical condition of the material, the enduring relevance of the material, the ready availability of the

---

[5] Jacob Holmes, *Prattville Library Board Member Resigns Over New Policies, Potential 'Secret Meetings'*, Prattville Post, https://theprattvillepost.com/2024/02/09/prattville-library-board-member-resigns-over-new-policies-potential-secret-meetings/ (last visited May 7, 2024); Ex. A at 16.

[6] Ex. A at 16.

[7] *See* Ex. B at 16.

[8] Ex. A at 17.

material elsewhere, and the library's space and budget.  APPL's revised policy, however, goes farther by newly providing that the "[g]eneral criteria for weeding" include materials that "are[] . . . not aligned with the selection criteria," and that librarians "should consider the selection criteria . . . when deciding how much and how often to weed."[9]  In other words, books and other materials in APPL's collection that are marketed to minors and contain content including sexual conduct, sexual intercourse, sexual orientation, gender identity, and gender discordance are subject to removal from APPL's collection through the incorporation of the Selection Criteria Policy into the weeding policy, and neither policy empowers the librarian with the discretion to ignore the Selection Criteria Policy in making weeding decisions.

23.    Second, when a particular book or other piece of library material is challenged, a designated review committee will review the challenged materials with an eye to "the extent to which the material supports the selection criteria" in developing a written recommendation for the Board's final determination.[10]  During the pendency of a review, materials that have been challenged will be removed from circulation.[11]

24.    The prior weeding policies did not refer to the selection criteria.[12]

---

[9] *Id.*

[10] *Id.* at 36–37.

[11] *Id.* at 36.

[12] Ex. B at 16.

25.     Since the enactment of the Selection Criteria Policy, library materials falling within the sweep of its criteria have already been challenged[13] and removed from circulation.  For example, Ms. Frey had planned to check out *Camp* by Lev A.C. Rosen, a novel about a camp for queer teens, which was in APPL's collection, and had reserved that book through the library.  But that book was removed from her reserve list and is no longer listed in APPL's collection in the online catalogue as of this filing. The same thing happened with *Looking for Alaska* by John Green, which contains sexual conduct between teenagers, and which Ms. Frey had also reserved at APPL. J.D. had previously checked out and enjoyed *Rabbit Chase* by Elizabeth LaPensée, a graphic novel about a non-binary Anishinaabe middle-schooler—but that book, too, no longer appears in APPL's online catalogue as of this filing.  And two books by Nico Medina—*What was Stonewall?* and *What Is the AIDS Crisis?*—that Ms. Diamond planned to check out to supplement her homeschool curriculum have also been removed from the APPL online catalogue as of this filing.  Plaintiffs expect that books that fall within the scope of the Selection Criteria Policy will continue to be removed from APPL.

26.     On February 8, 2024, the Board also unanimously enacted a new Library Cards for Minors Policy, which is likewise reflected in Exhibit A.

---

[13] Jacob Holmes, *Prattville Library Board committee urges director to move books under new policies*, Alabama Political Reporter (Mar. 11, 2024), https://www.alreporter.com/2024/03/11/prattville-library-board-committee-urges-director-to-move-books-under-new-policies/.

27.     The Library Cards for Minors Policy states:  "Children under the age of 18 shall receive library cards that are especially designated for minors.  These cards will not permit the checkout of material with content containing, but not limited to, obscenity, sexual conduct, sexual intercourse, sexual orientation, gender identity, or gender discordance.  Age-appropriate materials concerning biology, human anatomy, or religion are exempt from this rule."[14]  The Library Cards for Minors Policy does not distinguish between young minors and older, more mature minors.  In other words, the Library Cards for Minors Policy subjects a 17-year-old library patron to the same check-out standards as a 7-year-old library patron.

28.     The prior library policies did not designate a separate library card specifically for minors.[15]

29.     Plaintiffs do not know precisely how the Policies will be applied, due in part to their vagueness.  Plaintiffs therefore expect that the Policies will be applied inconsistently, and are likely to focus largely on books with LGBTQ+ characters and themes.  Plaintiffs further expect that, because of the vagueness of the Policies, more books and other material will be deemed to fall within the scope of the Policies than if the Policies had been more specific in their drafting.

30.     The Selection Criteria Policy and the Library Cards for Minors Policy are each currently the governing policies at APPL.  These Policies have injured and continue to injure the Plaintiffs.

---

[14] Ex. A at 5.

[15] *See* Ex. B. at 5–7.

31.     Read Freely Alabama members (including those described below) have been injured because they plan to read and check out APPL library materials that are advertised for readers under 18 years of age and that contain content including sexual conduct, sexual intercourse, sexual orientation, gender identity, and gender discordance, which fall within the sweep of the Selection Criteria Policy.

32.     Ms. Diamond, J.D., and E.D. regularly check out and plan to continue checking out material from APPL, including material advertised for readers under 18 years of age with content including sexual conduct, sexual intercourse, sexual orientation, gender identity, and gender discordance.  The new Selection Criteria Policy will result in APPL removing material that Ms. Diamond, J.D., and E.D. plan to read and check out, if it were available, as well as preventing Ms. Diamond, J.D., and E.D. from reading and checking out materials that APPL will decline to acquire because of the Selection Criteria Policy.

33.     For example, J.D. and E.D. enjoy and plan to continue checking out and reading middle-grade books featuring LGBTQ+ characters, such as the *Sir Callie* series by Esme Symes-Smith and *Dragon Pearl* by Yoon Ha Lee.  Ms. Diamond herself also enjoys and plans to continue checking out books marketed for readers under 18 years of age, including books that contain content including sexual conduct, sexual intercourse, sexual orientation, gender identity, and gender discordance.  For example, Ms. Diamond has recently read and enjoyed *The Fault in Our Stars* by John Green, which features two characters who fall in love and have a sexual relationship,

as well as *Green* by Alex Gino, about a non-binary middle-schooler who fights for gender-free casting in their school play.

34.     Ms. Diamond reads these young adult novels for leisure and, sometimes, to preview them before deciding if they are a good fit for her children to read.  She also routinely relies on APPL to supplement her curriculum as she homeschools J.D. and E.D.  For example, she plans to check out age-appropriate books about Stonewall (a gay bar in New York City that was the site of a seminal protest in the early days of the LGBTQ+ rights movement) to supplement her history curriculum if they are available.  Such materials, which Ms. Diamond plans to continue checking out, fall within the scope of the Selection Criteria Policy, which will limit Ms. Diamond's ability to provide a well-rounded homeschool education for her children.  Because Ms. Diamond cannot afford to buy all of the supplemental books her family typically gets from the library for their history lessons, if those materials are not in the library, the quality of their history unit studies will have to suffer their detrimental absence.  Ms. Diamond also relies on library books to facilitate age-appropriate lessons about puberty, sexual education, and health.  But a book she previously planned to check out and read about these topics—*Everything You Always Wanted to Know About Puberty—and Shouldn't Learn on TikTok: For Curious Girls* by Gemma Hong—has been pulled from APPL's shelves as of this filing.

35.     J.D. and E.D. also will be injured by the Library Cards for Minors Policy. Under the Library Cards for Minors Policy, they will not be permitted to check out books and other materials containing content including sexual conduct, sexual

orientation, gender identity, or gender discordance, as they otherwise plan to do.  But for the Library Cards for Minors Policy, they would read and check out such materials.

36.     Ms. Frey also regularly checks out and plans to continue checking out from APPL material that is advertised for readers under 18 years of age with content including sexual conduct, sexual intercourse, sexual orientation, gender identity, and gender discordance.  The new Selection Criteria Policy will result in APPL removing material that Ms. Frey plans to read and check out, if it were available, as well as preventing Ms. Frey from reading and checking out materials that APPL will decline to acquire because of the Selection Criteria Policy.  For example, Ms. Frey often checks out books for both herself and her children.  Ms. Frey sometimes does this so she can read the book first to determine if her children are old enough to read it.  Ms. Frey also personally enjoys reading young adult novels for leisure, including books featuring LGBTQ+ characters.  She enjoys the *Heartstopper* series by Alice Oseman (featuring two teen boys falling in love), and plans to continue checking out books in that series as they become available, as well as other books that would fall within the scope of the Selection Criteria Policy.  She planned to check out *Camp* by Lev A.C. Rosen, but it was removed from the library collection during the time she was preparing this lawsuit.  When Ms. Frey is unable to access a book through the library, she is sometimes forced to expend money to purchase it in order to read it.

37.     C.C. also regularly visits APPL to peruse and check out material that is advertised for readers under 18 years of age with content including sexual conduct,

sexual intercourse, sexual orientation, gender identity, and gender discordance.  The new Selection Criteria Policy will result in APPL removing material that C.C. plans to read and check out, if it were available, as well as preventing C.C. from reading and checking out materials that APPL will decline to acquire because of the Selection Criteria Policy.  For example, C.C. has checked out several times mangas from the series *Ranma ½*, which features a teenager who has an accident that curses him to become a girl when exposed to cold water, and a boy when exposed to hot water.  C.C. plans to continue checking out books with LGBTQ+ characters and themes, including non-fiction about people like Alan Turing, a mathematician who just happens not to be heterosexual.

38.    C.C. also will be injured by the Library Cards for Minors Policy.  Under the Library Cards for Minors Policy, he will not be permitted to check out books and other materials containing content including sexual conduct, sexual intercourse, sexual orientation, gender identity, or gender discordance.  But for the Library Cards for Minors Policy, he would read and check out such materials.

39.    ALLA members have been injured by the Selection Criteria Policy because they plan to read and check out APPL library materials that are advertised for readers under 18 years of age and that contain content including sexual conduct, sexual intercourse, sexual orientation, gender identity, and gender discordance.  For example, ALLA member and APPL library card holder Jessica Hayes has checked out and plans to continue checking out books for her four-year-old son that are advertised for readers aged 17 and under and feature characters with different kinds of families,

including LGBTQ+ characters.  ALLA has also been forced to divert organizational resources away from its mission due to the events described in this Complaint.  For example, ALLA has used its resources to review the Selection Criteria Policy, inform members in Prattville about its requirements, address questions from members outside of Prattville about the Policy, and monitor the Policy's implementation (including through its incorporation into the weeding policy)—work that ALLA anticipates will continue.  To do so, ALLA has had to divert resources away from goals such as advocating for the improvement of library services and increased library funding at the state level.  The Policy's adoption also required ALLA to divert time and resources away from planning its annual conference (one of ALLA's largest sources of annual revenue), resulting in a delayed opening in registration, fewer participants, and less income.

40.    Plaintiffs' injuries flow from the Board's enactment of these Policies. Should the Policies be voided, those injuries would cease.

## CLAIMS FOR RELIEF

### COUNT I

### Section 1983: First Amendment as to Minors
### (Overbreadth)

41.    Plaintiffs restate and re-allege paragraphs 1 through 40 above as if fully set forth herein.

42.    The Selection Criteria Policy and the Library Cards for Minors Policy each are facially overbroad in violation of the First Amendment because each restricts

14

minors' access to a substantial amount of constitutionally protected material that is not obscene. This includes the minors on whose behalf the Plaintiffs state this claim.

43.  Specifically, each policy unconstitutionally interferes with minors' right to check out and read books and other material protected by the First Amendment, including material that is not obscene as to minors. The policies also interfere with older, more mature minors' right to read and check out material that is not obscene or harmful as to them, but that might be inappropriate for younger minors.

44.  The Selection Criteria Policy, as incorporated into the weeding policy, likewise prevents minors from accessing constitutionally protected books and other material by requiring their removal from the collection.

45.  The Board's enactment of the Selection Criteria Policy and Library Cards for Minors Policy each violate Title 42, Section 1983 of the United States Code.

46.  Such violations have injured and continue to injure the minor children on whose behalf the Plaintiffs state this claim.

**COUNT II**

**Section 1983: First Amendment as to Adults
(Overbreadth)**

47.  Plaintiffs restate and re-allege paragraphs 1 through 46 above as if fully set forth herein.

48.  The Selection Criteria Policy is facially overbroad in violation of the First Amendment because it restricts adults' access to a substantial amount of constitutionally protected material that is not obscene. This includes the individual

Plaintiffs and the members of Read Freely Alabama and ALLA who hold APPL library cards.

49.    Specifically, the Selection Criteria Policy unconstitutionally interferes with adults' right to check out and read non-obscene material protected by the First Amendment.

50.    The Selection Criteria Policy prevents APPL from acquiring any material falling under its restriction that is advertised for children aged 17 or younger.  As a result, any book marketed as a Young Adult (or YA) book that falls within the sweep of the Selection Criteria Policy cannot be acquired at all—even to be housed in the adult section of the library.

51.    The Selection Criteria Policy, as incorporated into the weeding policy, likewise prevents adults from accessing constitutionally protected books and other material by requiring their removal from the collection.

52.    The Board's enactment of the Selection Criteria Policy violates Title 42, Section 1983 of the United States Code.

53.    Such violations have injured and continue to injure the Plaintiffs.

### COUNT III

### Section 1983: First Amendment as to Minors
### (Content-Based Discrimination)

54.    Plaintiffs restate and re-allege paragraphs 1 through 53 above as if fully set forth herein.

55.    The Selection Criteria Policy and the Library Cards for Minors Policy each facially discriminates on the basis of content and thereby restricts minors' access

16

to constitutionally protected material that is not obscene.  This includes the minors on whose behalf the Plaintiffs state this claim.

56.    Specifically, each policy unconstitutionally interferes with minors' right to check out and read library material protected by the First Amendment, through the imposition of restrictions based on content broader than obscenity (such as sexual conduct, sexual intercourse, sexual orientation, gender identity, and gender discordance).

57.    The Selection Criteria Policy, as incorporated into the weeding policy, likewise prevents minors from accessing constitutionally protected books and other material by requiring their removal from the collection.

58.    The Board's enactment of both the Selection Criteria Policy and Library Cards for Minors Policy violates Title 42, Section 1983 of the United States Code.

59.    Such violations have injured and continue to injure the minor children on whose behalf the Plaintiffs state this claim.

## COUNT IV

### Section 1983: First Amendment as to Adults
### (Content-Based Discrimination)

60.    Plaintiffs restate and re-allege paragraphs 1 through 59 above as if fully set forth herein.

61.    The Selection Criteria Policy facially discriminates on the basis of content and thereby restricts adults' access to constitutionally protected that is not obscene.  This includes the individual Plaintiffs and the members of Read Freely Alabama and ALLA who hold APPL library cards.

62.     Specifically, the Selection Criteria Policy unconstitutionally interferes with adults' right to check out and read material protected by the First Amendment, through the imposition of restrictions based on content that are broader than obscenity (such as sexual conduct, sexual intercourse, sexual orientation, gender identity, and gender discordance).

63.     The Selection Criteria Policy, as incorporated into the weeding policy, likewise prevents adults from accessing constitutionally protected books and other material by requiring their removal from the collection.

64.     The Board's enactment of the Selection Criteria Policy violates Title 42, Section 1983 of the United States Code.

65.     Such violations have injured and continue to injure the Plaintiffs.

## COUNT V

### Section 1983:  Fourteenth Amendment Due Process
### (Vagueness)

66.     Plaintiffs restate and re-allege paragraphs 1 through 65 above as if fully set forth herein.

67.     The Selection Criteria Policy and the Library Cards for Minors Policy each deprive the Plaintiffs of their Fourteenth Amendment right to Due Process because of their vagueness.

68.     Specifically, both the Selection Criteria Policy and the Library Cards for Minors Policy fail to provide a person of ordinary intelligence fair notice of what is prohibited, and are so standardless that they encourage discriminatory enforcement.

These policies necessarily require people of common intelligence to guess at their meanings.

69.     The Board's enactment of the Selection Criteria Policy and Library Cards for Minors Policy each violate Title 42, Section 1983 of the United States Code.

70.     Such violations have injured and continue to injure the Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a.      Enter a preliminary and permanent injunction enjoining the Board from enforcing the Selection Criteria Policy and the Library Cards for Minors Policy;

b.      Enter a declaratory judgment that the Selection Criteria Policy and the Library Cards for Minors Policy are each unconstitutional, void, and of no effect;

c.      Award Plaintiffs their reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d.      Issue such other relief as the Court deems proper.

Dated:  May 9, 2024                 Respectfully submitted,


_/s/ Jon C. Goldfarb_
Jon C. Goldfarb (AL Bar No. ASB-5401-F58J)
L. William Smith (AL Bar No. ASB-8660-A61S)
Wiggins, Childs, Pantazis, Fisher, & Goldfarb, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 314-0500

jcg@wigginschilds.com
wsmith@wigginschilds.com

Will Bardwell* (MS Bar No. 102910)
Jessica Anne Morton* (DC Bar No. 1032316)
Robin F. Thurston* (DC Bar No. 1531399)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
wbardwell@democracyforward.org
jmorton@democracyforward.org
rthurston@democracyforward.org

*application for admission pro hac vice forthcoming

Counsel for Plaintiffs