**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **READ FREELY ALABAMA, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**AUTAUGA-PRATTVILLE PUBLIC LIBRARY BOARD OF TRUSTEES,**<br><br>**Defendant.** | **Civil Case No. 2:24-cv-276-MHT-CWB** |

## PLAINTIFFS' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

The Board asks this Court to adopt the Fifth Circuit's reasoning in *Little* v. *Llano County*, 138 F.4th 834, 836 (5th Cir. 2025) (en banc). Because the Fifth Circuit is not binding on this Court, it need not follow *Little*. Nor should it, given that *Little* is unique among the federal courts of appeals that have considered the issue to hold that a public library's viewpoint-based curation decisions survive First Amendment scrutiny.

The *Little* majority misconstrues what the right to receive information means in this context. *See* 138 F.4th at 845–48. And the Board similarly misconstrues Plaintiffs' claims. *See* Doc. 31, at 19. Plaintiffs do not argue—and never have—that they can require a public library to purchase and retain any book of their choosing. *See* Doc. 35, at 12; Doc. 46, at 10–11. Rather, they challenge a policy that categorically bars specific constitutionally protected content without allowance for the literary or

artistic value of those materials. *See Minarcini* v. *Strongsville City School District*, 541 F.2d 577, 582 (6th Cir. 1976). The parade of horribles set forth by the *Little* majority, suggesting that acknowledging a right to receive information would permit a patron to sue a library for refusing to buy a book of her choice, or require libraries to have "flat earth sections," 138 F.4th at 846, 848 (cleaned up), misapprehends that distinction. *Cf. id.* at 882 (Higginson, J., dissenting) ("The First Amendment does not require Llano County either to buy and shelve *They Called Themselves the K.K.K.*, or to keep *They Called Themselves the K.K.K.* in its collection in perpetuity; but it does prohibit Llano County from removing *They Called Themselves the K.K.K.*, or books with similar ideas and information, because it seeks to 'prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion.'" (quoting *West Virginia State Board of Education* v. *Barnette*, 319 U.S. 624, 642 (1943))).

The *Little* majority likewise misapprehends the Supreme Court's *Pico* opinions in doing so. *See id.* at 873–80 (Higginson, J., dissenting) ("[A] majority of the Supreme Court in *Pico* firmly rejected the abnegation of the First Amendment that our court adopts today."); *see also* Doc. 19-1, at 34–35 (addressing *Pico* in the context of this case).[1]

[1] For the same reasons set forth in prior briefing, *see* Doc. 19-1, at 31–33; Doc. 46, at 1–10, this Court should likewise decline to adopt reasoning on government speech that could not command even a majority of the Fifth Circuit, *see* 138 F.4th at note accompanying 835.

Dated: July 15, 2025

Respectfully submitted,

_*/s/ Jessica Anne Morton*_
Jessica Anne Morton* (DC Bar No. 1032316)
Will Bardwell* (MS Bar No. 102910)
Emma R. Leibowitz* (DC Bar No. 90017627)
Robin F. Thurston* (DC Bar No. 1531399)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jmorton@democracyforward.org
wbardwell@democracyforward.org
eleibowitz@democracyforward.org
rthurston@democracyforward.org

Jon C. Goldfarb (AL Bar No. ASB-5401-F58J)
L. William Smith (AL Bar No. ASB-8660-A61S)
Wiggins, Childs, Pantazis, Fisher, & Goldfarb, LLC
The Kress Building
301 19th Street North
Birmingham, AL 35203
(205) 314-0500
jcg@wigginschilds.com
wsmith@wigginschilds.com

**admitted* pro hac vice

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 11.1, I, Jessica Morton, certify that on this 15th day of July, 2025, I caused to be filed this response via CM/ECF, which provides electronic notice to all attorneys who have entered an appearance.

_/s/ *Jessica Anne Morton*______________________
Jessica Anne Morton (DC Bar No. 1032316)